UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SARAH W.,<br><br>                    Plaintiff,<br><br>        v.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>                    Defendant. | CASE NO. 3:24-CV-5328-DWC<br><br>ORDER AFFIRMING DEFENDANT'S<br>DECISION TO DENY BENEFITS |

Plaintiff filed this action under 42 U.S.C. § 405(g) seeking judicial review of Defendant's denial of her applications for supplemental security income benefits ("SSI") and disability insurance benefits ("DIB").[1] After considering the record, the Court concludes Plaintiff has not shown the Administrative Law Judge ("ALJ") erred in assessing her testimony about the severity of her symptoms or that any error at step two of the sequential evaluation process was harmful. Therefore, the Court concludes the ALJ did not err in finding that Plaintiff was not disabled and affirms the decision of the Commissioner of Social Security ("Commissioner") to deny benefits.

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## I.  Factual and Procedural History

Plaintiff filed claims for DIB and SSI on November 9, 2021, alleging disability beginning on October 15, 2020. Dkt. 7, Administrative Record ("AR") 1226–40. Her applications were denied at the initial level and on reconsideration. AR 1070–71, 1130–31. She requested a hearing before an ALJ, which took place on March 28, 2023. AR 1031–69, 1159–60. Plaintiff was represented by counsel at the hearing. *See* AR 1031. On August 18, 2023, the ALJ issued an unfavorable decision denying benefits. AR 77–111. Plaintiff requested review of the ALJ's decision and submitted additional medical evidence to the Appeals Council. *See* AR 2, 1224–25. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1–7; *see also Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011). Plaintiff appealed to this Court. *See* Dkts. 1, 4.

## II.  Standard of Review

When reviewing the Commissioner's final decision under 42 U.S.C. § 405(g), this Court may set aside the denial of social security benefits if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

"[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 2

1    Generally, an error is harmless if it is not prejudicial to the claimant and is "inconsequential to

2    the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050,

3    1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115.

4    **III.   Discussion**

5         Plaintiff contends that the ALJ erred in considering Plaintiff's testimony about the

6    severity of her symptoms and that the administrative record remained incomplete regarding

7    certain alleged impairments. Dkt. 15 at 1. She asserts the appropriate remedy for these errors is

8    remand for further proceedings.[2] *Id.* at 2.

9         A.  *Subjective Symptom Testimony*

10        Plaintiff contends the ALJ failed to properly evaluate her testimony about the severity of

11   her symptoms. Dkt. 15 at 8.

12        "An ALJ engages in a two-step analysis to determine whether a claimant's testimony

13   regarding subjective pain or symptoms is credible." *Garrison*, 759 F.3d at 1014. At the first step,

14   the ALJ determines whether the claimant has presented objective medical evidence of an

15   underlying impairment that could reasonably be expected to produce the pain or other symptoms

16   alleged. *Id.* If the claimant satisfies this first step and there is no affirmative evidence of

17   malingering, "the ALJ can reject the claimant's testimony about the severity of [their] symptoms

18   only by offering specific, clear and convincing reasons for doing so." *Smith v. Kijakazi*, 14 F.4th

19   1108, 1112 (9th Cir. 2021) (quoting *Garrison*, 759 F.3d at 1014–15). "This standard is 'the most

20   demanding required in Social Security cases.'" *Id.* (quoting *Moore v. Comm'r of Soc. Sec.*

21   _____

22   [2] Plaintiff argues "[i]n the alternative" that "crediting Plaintiff's testimony would merit outright pay in combination
     with the VE's testimony that [her] need for irregular breaks would be incompatible with unskilled work." Dkt. 15 at

23   11. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to
     remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir.
     2004) (quoting *INS v. Ventura*, 537 U.S. 12, 16 (2002)). Because Plaintiff provides no argument as to why the Court

24   should order this extraordinary remedy, the Court declines to consider this argument.

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 3

1   *Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)). "The only time this standard does not apply is when

2   there is affirmative evidence that the claimant is malingering." *Carmickle v. Comm'r, Soc. Sec.*

3   *Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008); *see also Schow v. Astrue*, 272 F. App'x 647, 651

4   (9th Cir. 2008) (unpublished) ("[T]he mere existence of 'affirmative evidence suggesting'

5   malingering vitiates the clear and convincing standard of review.").

6          At the first step of this analysis, the ALJ found Plaintiff's medically determinable

7   impairments could reasonably be expected to cause only some of the alleged symptoms. AR 88.

8   The ALJ further found Plaintiff's "statements concerning the intensity, persistence[,] and

9   limiting effects of even those symptoms that can be substantiated are not entirely consistent with

10   the medical evidence and other evidence in the record[.]" AR 88–89.

11          Plaintiff states in her opening brief that "[n]o doctor identified malingering." Dkt. 15 at 8.

12   However, Defendant notes the ALJ cited to "evidence of possible malingering," finding this

13   "undermine[d] the persuasiveness of the claimant's allegations." AR 91 (citing AR 2053); Dkt.

14   17 at 5. On January 26, 2023, Christine A. Treece, Psy.D., performed a psychological evaluation

15   of Plaintiff and noted, "M-FAST[3] Total Score = 9: this score is significantly elevated, suggesting

16   that this individual may be malingering psychiatric symptoms, and that a more extensive

17   malingering assessment is warranted." AR 2053. Plaintiff does not address this evidence in her

18   reply brief. *See* Dkt. 19.

19          Because the ALJ cited to affirmative evidence in the record suggesting malingering, the

20   more demanding clear-and-convincing standard does not apply and the ALJ's reasons for

21   discounting Plaintiff's testimony need only be supported by substantial evidence in the record.

22

23   ---
   [3] "[T]he Miller Forensic Assessment of Symptoms Test . . . is a test of symptom exaggeration or malingering."
   *Samantha H. v. Comm'r Soc. Sec. Admin.*, No. 3:18-CV-00120-MC, 2019 WL 4131709, at *4 (D. Or. Aug. 30,
24   2019).

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 4

The ALJ provided extensive explanation and citations to support his findings that inconsistencies in the record, Plaintiff's activities, and the history of conservative treatment undermined Plaintiff's reports about the severity of her symptoms. *See* AR 89–97 (citing, *inter alia*, 1560, 1562, 1860, 1863, 1870, 1977, 1981, 2034, 2087, 3548). The ALJ also found the evidence of malingering itself undermined Plaintiff's allegations. AR 91. An ALJ may permissibly rely on evidence of exaggeration and inconsistent statements as diminishing the credibility of a claimant's complaints. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). These findings were supported by substantial evidence in the record. Plaintiff has not shown the ALJ erred in evaluating Plaintiff's subjective symptom testimony.

B.  *Step Two*

Plaintiff further argues the ALJ's decision was insufficient because it did not properly account for all of Plaintiff's impairments. Dkt. 15 at 6.

At step two of the sequential evaluation, the ALJ considers whether a claimant has one or more medically determinable physical or mental impairments and, if so, whether the impairments are severe. 20 C.F.R. §§ 404.1521, 416.921. The impairments "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques. Therefore, a physical or mental impairment must be established by objective medical evidence from an acceptable medical source." *Id.* §§ 404.1521, 416.921.

At step two, the ALJ found Plaintiff had the severe impairments of migraines, cardiac abnormality, anxiety disorder with panic, and depressive disorder. AR 82. The ALJ also noted multiple additional non-severe impairments as well as several "conditions that are not medically determinable impairments," including the following:

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 5

I find that mold toxicity is not a medically determinable impairment. This diagnosis was rendered by naturopathic doctor Lois Hernandez, who is not an acceptable medical source. While it appears at times in the claimant's records, it is simply a notation of purported history, such as in the claimant's dental records (e.g., Exhibits 5F/6; 8F/12), or mentioned in quotes as an allegation (e.g., Exhibits 5F/34; 10F/10). I do not find a valid diagnosis rendered by an acceptable medical source, but I have considered all of the claimant's symptoms.

. . .

The claimant reports constant fatigue (e.g., Exhibit 4F/2) but has not been diagnosed with chronic fatigue syndrome by [an] acceptable medical source. There is insufficient objective medical evidence this is a medically determinable impairment, but I have considered her complaints of fatigue.

The claimant self-reported a history of dysautonomia and POTS, but also that a recent neurologist said [her] symptoms were not consistent with POTS (Exhibit 3F/14). There is insufficient objective medical evidence to find POTS is a medically determinable impairment. The claimant also reported that her childhood symptoms of autonomic dysfunction gradually improved (Exhibit 5F/19, 30). The current diagnosis of dys/autonomia is not confirmed as it was a questioned diagnosis and based on her self-reported history of it (Exhibit 2F/12). Nonetheless, it gets repeated throughout her records, particularly by the claimant (e.g., Exhibit 2F/12; 5F/33; 12F; 14F/7). While the diagnosis is adopted by some providers, there is insufficient objective medical evidence this is a medically determinable impairment. Nonetheless, I have considered the claimant's alleged symptoms from these conditions.

AR 83–84.

Among the additional evidence submitted to the Appeals Council was a medical opinion from David A. Edwards, M.D., H.M.D., dated December 14, 2023. AR 20–24.[4] Based on a review of Plaintiff's medical records and a telephonic consultation with Plaintiff, Dr. Edwards diagnosed her with Myalgic Encephalomyelitis/Chronic Fatigue Syndrome, Chronic Mycotoxin Sickness (mold toxicity), and "Dysautonomia (POTS?) Syndrome." AR 20. In denying

---

[4] "[W]hen a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159–60 (9th Cir. 2012).

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS - 6

1   Plaintiff's request for review, the Appeals Council found Plaintiff had not shown a reasonable

2   probability that the additional evidence would change the outcome of the decision. AR 2.

3          Typically, where the ALJ decides step two in the claimant's favor, any error at that step is

4   harmless and cannot constitute a basis for remand. *Buck v. Berryhill*, 869 F.3d 1040, 1048–49

5   (9th Cir. 2017). This is true because, "in assessing RFC, the adjudicator must consider

6   limitations and restrictions imposed by all of an individual's impairments, even those that are not

7   severe." *Id.* (cleaned up). To show harmful error from a step two finding made in a claimant's

8   favor, the claimant must show that the omitted impairment warrants a different outcome at later

9   steps in the sequential evaluation process. *Burch v. Barnhart*, 400 F.3d 676, 682–83 (9th Cir.

10  2005).

11         Here, although the ALJ found that Plaintiff's allegations of mold toxicity, chronic fatigue

12  syndrome, and dysautonomia did not constitute medically determinable impairments, he noted

13  that he had considered Plaintiff's reported symptoms related to these conditions. AR 84. Indeed,

14  in determining Plaintiff's RFC, the ALJ referenced Plaintiff's complaints of chronic fatigue, joint

15  pain, and headaches separate from typical migraine. *See* AR 87–88. Nevertheless, Plaintiff

16  argues Dr. Edwards' opinion crediting Plaintiff's claims and diagnosing these conditions could

17  have affected the ALJ's consideration of Plaintiff's subjective symptom testimony. Dkt. 19 at 2–

18  3. But, as explained above, the ALJ provided multiple reasons supported by substantial evidence

19  for discounting Plaintiff's claims, any one of which would be sufficient to sustain the ALJ's

20  conclusion. *See Carmickle*, 533 F.3d at 1163. Plaintiff has not shown that any error was harmful

21  or provides a basis for remand.

22

23

24

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 7

1

IV.     **Conclusion**

2

      Based on the foregoing reasons, the Court hereby finds the ALJ did not err in determining

3

that Plaintiff is not disabled, and therefore affirms the ALJ's decision to deny benefits.

4

      Dated this 23rd day of October, 2024.

5

6

                 David W. Christel
United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER AFFIRMING DEFENDANT'S DECISION
TO DENY BENEFITS - 8